IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONNIE R. HILLERY,

    Petitioner,                               No. CIV S-04-2073 DFL JFM P

    vs.

SAN JOAQUIN COUNTY SHERIFF
BAXTER DUNN, et al.,                      ORDER

    Respondents.
_____/

        Petitioner is a former county jail inmate on probation proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his April 2001 conviction on charges of perjury and false allegation of police misconduct.

        By order filed January 20, 2005, the court found petitioner had exhausted his first claim, but had not exhausted his state court remedies as to his second claim. Petitioner's original petition was dismissed with leave to file an amended petition containing only the exhausted claim. On April 15, 2005, plaintiff filed a motion in which he asked the court to dismiss his exhausted claim and to stay this action while he returns to state court and exhausts his remedies as to his second claim.

        The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with

1

respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). Having conceded that his petition contains an unexhausted claim, petitioner now has two choices. He can file a motion to stay the instant action pending exhaustion of state remedies with respect to his unexhausted claims, or he can ask the court to delete the unexhausted claim from the petition before the court and to proceed on the exhausted claim. See Rhines v. Weber, __ U.S. __, 125 S.Ct. 1528, 1535 (2005). In Rhines, the United States Supreme Court held that a district court has authority to stay a mixed petition pending exhaustion of unexhausted claims in "limited circumstances," i.e., "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 1535. The Court also held that it would be an abuse of discretion to stay federal habeas corpus proceedings pending exhaustion of a "plainly meritless" claim. Id.

It appears petitioner wishes to stay this action to pursue exhaustion of his second claim. Petitioner has filed a motion to stay this action. However, petitioner must also demonstrate that good cause existed for his failure to exhaust his second claim at the same time he exhausted his first claim. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, supra.

Good cause appearing, petitioner will be granted a period of thirty days in which to renew his motion to stay this action pending exhaustion of state court remedies. The instant motion to stay will be denied without prejudice to the filing of his renewed motion that addresses the requirements of Rhines, supra.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's April 15, 2005 motion to stay is denied without prejudice; and

/////

/////

2. Petitioner is granted thirty days from the date of this order to file a motion for stay and abeyance. Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: September 21, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

hill2073.sty